IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
LEONARDO MEOLA,
individually and on behalf of a class,

        Plaintiff,

v.

ASSET RECOVERY SOLUTIONS, LLC,
and BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

        Defendants.
---------------------------------------------------------------x

Case No.: 17-cv-1017

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Leonardo Meola brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Asset Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does business within this District.

## PARTIES

9. Plaintiff, Leonardo Meola, resides in Richmond Hill, New York.

10. Defendant Asset Recovery Solutions, LLC, is an Illinois limited liability company with offices at 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

11. Asset Recovery Solutions, LLC is a collection agency, using the mails and telephones to collect delinquent debts owed to others

12. Asset Recovery Solutions, LLC is a debt collector as defined in the FDCPA.

13. Defendant Bureaus Investment Group Portfolio No. 15, LLC, is an Illinois limited liability company with offices at 650 Dundee Road, Suite 370, Northbrook, Illinois 60062.

14. Bureaus Investment Group Portfolio No. 15, LLC is engaged in the principal business of buying and collecting charged-off consumer debts. In some cases it hires collection agencies such as Asset Recovery Solutions, LLC to dun consumers. In addition, it files numerous collection lawsuits against consumers in its own name.

15. Bureaus Investment Group Portfolio No. 15, LLC uses the mails and telephones to conduct business.

16. Bureaus Investment Group Portfolio No. 15, LLC is a debt collector as defined in the FDCPA.

## FACTS

17. On or about November 28, 2016, Asset Recovery Solutions, LLC, on behalf of Bureaus Investment Group Portfolio No. 15, LLC, sent plaintiff the letter attached as Exhibit A.

18. Exhibit A seeks to collect a debt which was incurred for personal, family, or household purposes (a credit card), and not for business purposes.

19. Exhibit A is a form document.

20. Exhibit A is the initial letter which Asset Recovery Solutions, LLC sent to plaintiff concerning the debt described therein.

21. Exhibit A is a standard form document that is regularly used by Asset Recovery Solutions, LLC., as the "notice of debt" required by 15 U.S.C. §1692g.

## COUNT I – FDCPA – CLASS CLAIM

22. Plaintiff incorporates paragraphs 1-21.

23. Exhibit A does not accurately state the amount of the debt as required by 15 U.S.C. §1692g, in that:

    a. The numbers given are inconsistent and don't make sense; and

    b. The letter does not state that the debt may increase in the future due to interest. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72 (2nd Cir. 2016); *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC,*

       214 F.3d 872 (7th Cir. 2000).

24.    Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

25. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

26. The class consists of (a) all natural persons with New York addresses (b) who were sent a letter by Asset Recovery Solutions, LLC, on behalf of Bureaus Investment Group Portfolio No. 15, LLC, in the form represented by Exhibit A (c) which letter was sent on or after a date one year prior to the filing of this action, and (d) on or before a date 21 days after the filing of this action.

27. The class members are so numerous that joinder is impracticable. On information and belief, based on the use of a form document and the size of defendant's businesses, there are more than 40 members of the class.

28. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

29. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

31. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. A declaration that Exhibit A violates the FDCPA;

    b. Statutory damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems proper.

                                                         s/Tiffany N. Hardy  
                                                         Tiffany N. Hardy

Tiffany N. Hardy  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service:  courtecl@edcombs.com

                                                         s/Dan Shaked  
                                                         Dan Shaked

Dan Shaked  
SHAKED LAW GROUP, P.C.  
44 Court Street, Suite 1217  
Brooklyn, New York 11201  
(917) 373-9128

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy<br>Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

s/Dan Shaked<br>Dan Shaked

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.  These materials are likely very relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.


                                                             s/Tiffany N. Hardy  
                                                             Tiffany N. Hardy

Tiffany N. Hardy  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service:  courtecl@edcombs.com