UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LEONARDO MEOLA,

                         Plaintiff,

                    v.

ASSET RECOVERY SOLUTIONS, LLC,
and BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

                        Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-1017 (MKB) (RER)

MARGO K. BRODIE, United States District Judge:

Plaintiff Leonardo Meola commenced the above-captioned putative class action against Defendants Asset Recovery Solutions, LLC ("ARS") and Bureaus Investment Group Portfolio No. 15, LLC ("BIG"). (Compl., Docket Entry No. 1.) On August 18, 2017, Plaintiff filed an Amended Complaint against ARS and BIG, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (Am. Compl., Docket Entry No. 30.) Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 39; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 41.) Plaintiff opposed the motion. (Pl. Opp'n to Defs. Mot. ("Pl. Opp'n"), Docket Entry No. 44.) On April 5, 2018, the Court referred Defendants' motion to Magistrate Judge Ramon E. Reyes for a report and recommendation. (Order dated Apr. 5, 2018.)

By report and recommendation dated August 15, 2018, Judge Reyes recommended that the Court deny Defendants' motion to dismiss the Amended Complaint (the "R&R"). (R&R 1.) On August 29, 2018, Defendants timely filed an objection to the R&R. (Defs. Obj. to R&R

("Defs. Obj."), Docket Entry No. 54.) On September 12, 2018, Plaintiff filed a response to Defendants' objection. (Pl. Resp. to Defs. Obj. ("Pl. Resp."), Docket Entry No. 55.) For the reasons set forth below, the Court adopts the R&R and denies Defendants' motion to dismiss.

## I. Background

### a. Factual Background

The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

On or about November 28, 2016, ARS sent Plaintiff a letter dated November 28, 2016 (the "Letter"), seeking to collect a credit card debt. (Am. Compl. ¶ 32.) BIG authorized ARS to send the Letter. (*Id.*) The top of the Letter stated, in relevant part, the following:

| | |
|---|---|
| Original Creditor: | Capital One N.A. |
| Current Creditor: | [BIG] |
| Total Current Balance: | $12063.45 |
| Amount Due at Charge Off: | $10848.95 |
| Interest Accrued Since Charge Off: | $10848.95 |
| Miscellaneous Fees Since Charge Off: | $1214.50 |
| Total Payments Since Charge Off: | $.00 |

(Letter, annexed to Am. Compl. as Ex. A, Docket Entry No. 30-1.)[1] According to Plaintiff, the Letter does not accurately reflect the debt amount because the financial information listed is "inconsistent and [does not] make sense." (Am Compl. ¶ 38(a).) Plaintiff contends that "[a] debt that was $10,848.95 at chargeoff [sic] that has accrued interest of $10,848.95 and miscellaneous fees of $1,214.50 cannot possibly have a current balance of $12,063.45." (*Id.*) In

---

[1] When considering a motion to dismiss, courts generally are "limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Wilson v. Kellogg Co.*, 628 F. App'x 59, 60 (2d Cir. 2016) (citation omitted); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–31 (2d Cir. 2016) ("A complaint 'is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" (citation omitted)).

addition, the Letter also does not contain a warning that "the debt may increase in the future due to interest." (*Id.* ¶ 38.) Plaintiff alleges that "[BIG] or its affiliate, The Bureaus, Inc." ("TBI"), provided the amounts above to ARS. (*Id.* ¶¶ 38–39.)

### b. Procedural background

Plaintiff commenced this action on February 23, 2017. (Compl., Docket Entry No. 1.) After answering the Complaint, Defendants moved to stay discovery pending the Supreme Court's decision in *Henson v. Santander Consumer USA, Inc.* (Letter Mot. to Stay, Docket Entry No. 22.) Judge Reyes granted the request and stayed discovery through June 30, 2017. (Order dated June 5, 2017.) On July 21, 2017, following the Supreme Court's decision in *Henson*, the Court held a pre-motion conference at which the Court dismissed Plaintiff's Complaint against BIG, but granted Plaintiff thirty days to amend. (Minute Entry and Order dated July 21, 2017.)

On August 18, 2017, Plaintiff filed an Amended Complaint. (Am. Compl.) Defendants subsequently moved to dismiss the Amended Complaint and Judge Reyes stayed discovery until resolution of the motion. (Order dated Oct. 18, 2017.) On December 28, 2017, Plaintiff requested a pre-motion conference seeking leave to file additional legal authority in support of his opposition to Defendants' motion. (Letter Motion for Pre-Motion Conference, Docket Entry No. 46.) The Court permitted the parties to submit supplemental briefing. (Order dated Dec. 29, 2017.) Judge Reyes subsequently allowed the parties to submit additional legal authority. (Order dated May 10, 2018.)

### c. Judge Reyes' recommendation

Judge Reyes recommended that the Court deny Defendants' motion to dismiss Plaintiff's FDCPA claim, finding that the Amended Complaint sufficiently pleads violations by ARS and a claim of vicarious liability against BIG. (R&R 5, 9.) Judge Reyes found that Plaintiff

sufficiently alleges that the Letter violated the FDCPA because "the least sophisticated consumer would be unable to deduce the actual amount of the debt as of the date of the letter," and "would not know whether interest or fees on the debt would continue to accrue in the future." (R&R 4.) Judge Reyes also found that Plaintiff sufficiently alleges a claim of vicarious liability against BIG because it is "a debt collector for purposes of the FDCPA," (R&R 8), and is "engaged in a principal-agent relationship with ARS to collect debts on BIG's behalf, and that ARS was acting within the scope of the authority granted to it by BIG," (R&R 9).

## II. Discussion

### d. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding "general objection[s] [to be] insufficient to obtain *de novo* review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734

F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

### ii. Motion to dismiss

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### b. Unopposed recommendations

No party objected to Judge Reyes' recommendation that the Court deny Defendants' motion to dismiss the claim against ARS. The Court has reviewed the unopposed portion of the R&R and, finding no clear error, the Court adopts this recommendation pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Defendants' motion to dismiss the Amended

Complaint against ARS.

### c. Defendant's objections to the R&R

Defendants object to Judge Reyes' recommendation that the Court deny the motion to dismiss the claim against BIG. Defendants argue that Judge Reyes erred by failing to take judicial notice of "the fact that [TBI] is BIG's master servicer and that as such, an agency relationship exists between TBI and [BIG] and not between ARS and [BIG]." (Defs. Obj. 1) Had Judge Reyes taken judicial notice of the relationship between TBI and BIG, Defendants argue that Plaintiff's claim against BIG under a theory of vicarious liability would fail.[2] (*Id.* at 2–3.)

### d. The Court declines to take judicial notice of the relationship between TBI and BIG

Defendants urge the Court to take judicial notice of an alleged fact found by the court in *Zambrana v. Pressler & Pressler, LLP*, No. 16-CV-2907, 2016 WL 7046820, at *6 (S.D.N.Y. Dec. 2, 2016), that TBI is BIG's master servicer. (Defs. Obj. 1–2.) Defendants contend that the court in *Zambrana* found that "TBI is the master servicer of [BIG]." (*Id*. at 1.) Defendants urge the Court to take judicial notice of this finding and therefore conclude that TBI, not BIG, is potentially vicariously liable for acts committed by ARS, because TBI is BIG's master servicer. (*Id*. at 3.) Plaintiff argues that it would be improper and prejudicial for the Court to take judicial notice of the findings of an unrelated case. (Pl. Resp. 2.)

The court may take judicial notice of "a fact that is not subject to reasonable dispute

---

[2] Defendants' objection is limited solely to the argument concerning the relationship between TBI and BIG. Accordingly, the Court conducts a *de novo* review only as to Judge Reyes' decision not to take judicial notice of the purported relationship between TBI and BIG. The Court has reviewed for clear error the other rulings made by Judge Reyes as to BIG's vicarious liability and has found none.

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," or commonly known within the district court's jurisdiction. Fed. R. Evid. 201; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70–71 (2d Cir. 1998) ("The Federal Rules of Evidence provide that courts may only take judicial notice of facts . . . that are not subject to reasonable dispute . . . . [and] caution must be used in determining that a fact is beyond controversy under Rule 201(b)" (citing Fed. R. Evid. 201)). Examples of judicially noticeable sources include, *inter alia*, court opinions and public filings by and with federal agencies. *Bristol v. Nassau Cty.*, 685 F. App'x 26, 28 (2d Cir. 2017) (decisions in related state criminal proceedings); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (testimony); *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70–71 (court opinions); *Kramer v .Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (filings with the Securities and Exchange Commission).

If the court takes judicial notice of a document, it does so for its existence, "but not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 ("[A]lthough . . . [the] testimony may be public record[] of which a court may take judicial notice, 'it may do so . . . only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'" (quoting *Kramer*, 937 F.2d at 774)). Thus, factual findings in other court proceedings are generally not subject to judicial notice. *See Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70–71 (declining to judicially notice a court opinion for establishing "prevailing trademark search practice" because "[f]acts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source"); *Cabrera v. Schafer*, 178 F. Supp. 3d 69, 74 (E.D.N.Y. 2016) (denying

the defendant's request to judicially notice selected quotes from another court's decision because doing so would prejudice plaintiff and judicial notice is limited to the existence of the documents and not the truth therein); *Jones v. Rivera*, No. 13-CV-1042, 2015 WL 8362766, at *2–3 (S.D.N.Y. Dec. 7, 2015) (a fact to be judicially noticed must meet Rule 201's "indisputability" criterion); *Ujvari v. United States*, 212 F. Supp. 223, 228 (S.D.N.Y. 1963) (refusing to take judicial notice of exchange rates found in previous Tax Court cases because the court must independently determine questions of fact in case before it).

The Court declines to take judicial notice of the factual findings made in *Zambrana* because "[f]acts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source." *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70–71; *Cabrera*, 178 F. Supp. 3d at 74. The "fact" Defendants point to in *Zambrana* is a quote from the plaintiff's amended complaint, which states "[l]ikewise, [the p]laintiff is suing the [TBI] as an agent of [BIG] . . . because [TBI] 'is the master servicer for [BIG]' and 'maintains all electronic and paper business records for . . . [BIG].'" *Zambrana*, 2016 WL 7046820, at *6 (quoting the plaintiff's amended complaint). The court in *Zambrana* relied on the plaintiff's allegations in the amended complaint for the purpose of finding that TBI could enforce an arbitration provision "as an agent of assignee[] [BIG] . . . ." *Id.* Neither the plaintiff's mere allegation in *Zambrana*, nor the court's reliance on that allegation, meet the requirements of Rule 201, which is limited to facts that are either well-known or readily verifiable, and the sources of which cannot be reasonably questioned. Fed. R. Evid. 201. Plaintiff disputes that no principal-agent relationship exists between ARS and BIG. *See Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 F. App'x 32, 37 (2d Cir. 2012) (refusing to take judicial notice of materials

from another case for their substance as they were not "undisputed"); *Jones v. Rivera*, No. 13-CV-1042, 2015 WL 8362766, at *2–3 (S.D.N.Y. Dec. 7, 2015) (a fact to be judicially noticed must meet Rule 201's "indisputability" criteria).  The Court will not resolve this dispute by relying on admissions made by a different plaintiff in an unrelated case.

Accordingly, the Court declines to take judicial notice of the alleged "facts" in *Zambrana*.

## III.  Conclusion

For the foregoing reasons, the Court adopts Judge Reyes' R&R and denies Defendants' motion to dismiss the Amended Complaint.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  September 28, 2018
        Brooklyn, New York