**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LEONARDO MEOLA, on behalf
of himself and all others similarly situated,

Plaintiff,

vs.

ASSET RECOVERY SOLUTIONS, LLC and
BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

Defendants.

CLASS ACTION

1:17-01017-MKB-RER

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
## OF THE CLASS ACTION SETTLEMENT

Plaintiff Leonardo Meola (the "Plaintiff" or "Class Representative"), respectfully requests that the Court enter the Preliminary Approval Order pursuant to Federal Rule of Civil Procedure 23(c)(1) for the purpose of: (1) preliminarily approving the proposed class Settlement Agreement attached hereto as **Exhibit A**; (2) certifying the Class as defined below; (3) appointing EDELMAN COMBS LATTURNER & GOODWIN, LLC and SHAKED LAW GROUP, P.C. as class counsel and Plaintiff as the Class Representative; (4) setting dates for opt-outs, objections, and a fairness hearing under Federal Rule of Civil Procedure 23(c)(2); (5) approving the Notice form attached hereto as **Exhibit B** and directing that Notice be mailed within thirty (30) days from the date of the Preliminary Approval Order; and (6) finding that the mailing of the Notice pursuant to the plan set forth herein satisfies the requirements of due process.  A proposed Preliminary Approval Order is attached hereto as **Exhibit C,** and a proposed Final Approval Order is attached hereto as **Exhibit D**.

In support of the motion, Plaintiff states as follows:

## I.    NATURE OF THE LITIGATION

1

1.      On February 23, 2017, Plaintiff Leonardo Meola initiated this action on his own behalf and on behalf of a putative class of all other persons similarly situated to Plaintiff. On August 18, 2017, Plaintiff filed an Amended Complaint – Class Action (Doc. 30; "Amended Complaint").

2.      In the Amended Complaint, Plaintiff asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") against ARS and Bureaus Investment Group, Portfolio No. 15, LLC ("BIG 15") (ARS and BIG 15 are collectively referred to as "Defendants"), alleging that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., by sending collection communications to Plaintiff and putative class members that did not accurately state the amount of the debt as required by 15 U.S.C. §1692g.

3.      Defendants each filed an Answer and Affirmative Defenses to the Amended Complaint denying any violation of the FDCPA and any liability to Plaintiff and the putative class members (Docs. 57, 58).

4.      On May 13, 2019, Plaintiff voluntarily dismissed BIG 15 from this action without prejudice.  (Doc. 66).

5.      ARS, the sole-remaining defendant, continues to deny Plaintiff's claims in the Amended Complaint, any violation of the FDCPA, and any liability to Plaintiff or members of the settlement class, and the Court has not made a finding of liability against Defendants.

6.      Counsel for Plaintiff and counsel for Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion. Based upon this review and analysis, counsel embarked upon and concluded comprehensive, arm's-length settlement discussions and executed the Class Settlement Agreement and Release (the "Settlement Agreement"), attached as **Exhibit A**. Counsel

believe that the terms of the Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses raised in this action.

## II.  **SETTLEMENT TERMS**

7.      The parties to the settlement are Plaintiff and ARS (collectively referred to as the "Parties").

8.      For purposes of settlement, the Parties stipulate to the certification of and request that the Court certify the following Class:

> All natural persons (a) with a New York address (b) who were sent a letter by Asset Recovery Solutions, LLC on behalf of Bureaus Investment Group Portfolio No. 15 in the form represented by Exhibit A to the Amended Complaint (c) which letter was sent at any time during a period beginning February 23, 2016 and ending March 6, 2017.

Defendants represent that the Class consists of 42 persons.

9.      ARS shall provide the following relief to Plaintiff and the Class:

a.      Aggregate Settlement Amount.  The Settlement is to be funded solely by ARS.  ARS will pay the total "Aggregate Settlement Amount" of Thirty-Nine Thousand Dollars ($39,000.00), which includes all payments to the Settlement Class Members, all sums to be paid for Settlement Administration Costs and Expenses, payment to the Class Representative, and payment to Class Counsel for Attorneys' Fees.

b.      Class Recovery.  ARS will distribute to the third-party settlement administrator Class-Settlement.com ("Settlement Administrator") a "Class Settlement Fund" of $22,500.00, which the Settlement Administrator will distribute *pro rata* to each Class Member whose (1) Notice is not returned as undeliverable; or (2) Notice is returned with a forwarding address to which the Notice is re-mailed and not returned as undeliverable, and (3) who does not exclude him/herself from the Settlement.

3

Class Members will receive from the Class Administrator their *pro rata* share by check which will be void sixty (60) days from the date of issuance. No Class Member's *pro rata* share shall exceed $5,000.00. If any portion of the Class Settlement Fund remains after the void date, the residual funds shall be donated as a cy pres award to The Legal Aid Society, 199 Water Street, New York, New York 10038.

c.      Within 10 days after entry of an Order granting preliminary approval to the Class Settlement, Defendant ARS shall advance a total of $500.00 for the costs of class notice and administration inclusive of all costs associated with providing notice to the Settlement Class Members and administering the Class Settlement Fund.

d.      From the remaining Aggregate Settlement Amount of $16,000.00, subject to court approval, Defendant ARS shall pay Class Representative, Leonardo Meola $3,000.00 for his actual and statutory damages and for his services as Class Representative.

e.      Subject to Court Approval, Defendant ARS shall pay Class Counsel  an amount of attorney's fees and costs awarded by the Court, not to exceed $13,000.00. Class Counsel agrees it will not seek Attorneys' Fees in an amount greater than $13,000.00, and ARS agrees it will not oppose a request by Class Counsel for Attorneys' Fees that is $13,000.00 or less..

## III.      THE PROPOSED CLASS SATISFIES FED. R. CIV. P. 23

10.      The Parties have considered the factors required to certify a class action under Federal Rule of Civil Procedure 23. The Class meets the requirements of Rule 23, in that:

a.      ***Rule 23(a)(1) – Numerosity***.  The Class is sufficiently numerous such that joinder of all members is impracticable. ARS has disclosed that the Class consists of 42 persons.

4

64353.1

b.    ***Rule 23(a)(2) – Commonality***. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. Members of the Class have identical legal claims based upon ARS mailing identical collection letters that allegedly violate the FDCPA in the same manner – namely, by failing to accurately state the amount of the debt as required by 15 U.S.C. §1692g

c.    ***Rule 23(a)(3) – Typicality***. The Class Representative's claims are typical to those of the Class members for the same reasons the commonality requirement is met. Here, typicality is inherent in the class definition, as ARS mailed Plaintiff and each member of the Class a standardized letter in the same form, which is alleged to have violated the FDCPA in the same manner.

d.    ***Rule 23(a)(4) – Adequacy of Representation***. The Class Representative and her counsel are adequate representatives for the Class.  Plaintiff understands the obligations of a class representative and has retained experienced counsel. The Settlement Agreement calls for Plaintiff and the members of the Class to share cash payouts on a pro rata basis, and given the identity of claims between Plaintiff and members of the Class, there is neither the potential for conflicting interests nor any antagonism between the interests of Plaintiff and the Class members.

e.    ***Rule 23(b)(3) – Predominance & Superiority.*** Resolution of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.  Where, as here, ARS engaged in the conduct of sending a standardized letter that alleged does not accurately state the amount of the debt, each Class member's claim is likely to be too small to vindicate through an individual lawsuit and they are unlikely to find an attorney willing to take their cases as individual actions. It is also

unlikely that, absent notice, Class members are aware of the potential that ARS violated the law, as alleged by Plaintiff, as a result of sending the letter form at issue. A class action, however, is an efficient and effective way to obtain relief for the class members.

## IV.   CLASS MEMBER NOTICE AND RIGHTS

11.    The Parties have agreed on the form of Notice. *See* Exhibit B.

12.    Within seven (7) days of entry of a Preliminary Approval Order, ARS shall provide Plaintiff's Counsel and the Class Administrator with the names and last known mailing addresses of the Class members, according to ARS's business records.

13.    Within thirty (30) days after entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall send the Notice to the last known addresses of the Class members, as reflected in Defendant's records. The Settlement Administrator will re-mail any Notice that is returned with a forwarding address within five (5) business days.

14.    Within forty-five (45) days after the Notice Date, any Class member may seek to be excluded from, or object to, the Settlement, as set forth in the Notice. Any Class member who opts out of the Settlement and Agreement shall not be bound by any prior court order or the terms of the Settlement Agreement, nor entitled to any of its benefits. Class members may also object to the Settlement Agreement and, if they choose to do so, may appear and be heard at the fairness hearing.

64353.1

## V.     PRELIMINARY APPROVAL ORDER AND SCHEDULE

15.     The Parties have agreed upon and request entry of the proposed Preliminary Approval Order, attached hereto as Exhibit C.

16.     The Parties request the Court set the following schedule pursuant to the Settlement Agreement:

a.     Within seven (7) days of entry of a Preliminary Approval Order, ARS shall provide Plaintiff's Counsel and the Class Administrator with the names and last known mailing addresses of the Class members, according to ARS's business records.

b.     Within ten (10) days of entry of a Preliminary Approval Order, ARS shall advance the costs of class notice and administration in the amount of $500.00.

c.     Within thirty (30) days after entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall mail the Notice to the last known addresses of the Class members.

d.     Within forty-five (45) days of the Notice Date, Class members must submit any written objection to the Clerk of the United States District Court for Eastern District of New York. That is also the deadline for Class members to serve a request to exclude themselves from the settlement.

e.     Within one hundred twenty (120) days of entry of a Preliminary Approval Order, the Court shall hold a fairness hearing.

17.     If there is any conflict between and provision of this Motion and the Settlement Agreement, the Settlement Agreement will control, subject to Court approval.

## VI.     CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter the Preliminary Approval Order attached hereto as Exhibit C and, following the fairness hearing, enter the Final Approval Order attached hereto as Exhibit D.

Dated: New York, New York
       April 2019

7

64353.1

<u>Attorneys for the Plaintiff</u>

EDELMAN COMBS LATTURNER
    & GOODWIN, LLC


By:   <u>s/Tiffany N. Hardy</u>
      Tiffany N. Hardy

20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200

SHAKED LAW GROUP, P.C.
Dan Shaked
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## <u>CERTIFICATE OF SERVICE</u>

      I, Tiffany N. Hardy, hereby certify that on May 13, 2019 I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF System, which sent notification of such filing to the following parties:

      Scott Kessler
      Scott.Kessler@akerman.com

      Mark Lafayette
      Mark.Lafayette@akerman.com

      Benjamin Joelson
      Benjamin.joelson@akerman.com

      Dara C. Tarkowski
      Dara.tarkowski@actuatelaw.comkerman.com

                              <u>s/Tiffany Hardy</u>
                              Tiffany Hardy

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LEONARDO MEOLA, on behalf
of himself and all others similarly situated,

                                Plaintiff,

           vs.

ASSET RECOVERY SOLUTIONS, LLC and
BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

                            Defendants.

CLASS ACTION

1:17-01017-MKB-RER

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") is made and entered into by and among Plaintiff Leonardo Meola ("Plaintiff"), individually and on behalf of the Class Members (defined later in this Agreement)[1], and Defendant Asset Recovery Solutions, LLC ("ARS"). Plaintiff and Defendant ARS are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle all Released Claims (defined later in this Agreement), subject to the terms and conditions set forth herein.

### Recitals

WHEREAS, Plaintiff, individually and on behalf of a putative class, initiated a civil action against ARS and Bureaus Investment Group, Portfolio No. 15, LLC ("BIG 15"), (collectively "Defendants") in the United States District Court for the Eastern District of New York, Civil Action No. 1:17-cv-1017 (the "Action"); and

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

WHEREAS, on February 23, 2017 Plaintiff filed a Class Action Complaint (Doc. 1); and

WHEREAS, on August 18, 2017 Plaintiff filed an Amended Complaint – Class Action (Doc. 30; "Amended Complaint"); and

WHEREAS, the Amended Complaint alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., by sending collection communications to Plaintiff and putative class members that did not accurately state the amount of the debt as required by §1692g; and

WHEREAS, Defendants each filed an Answer and Affirmative Defenses to the Amended Complaint denying any violation of the FDCPA and any liability to Plaintiff and the putative class members (Docs. 57, 58); and

WHEREAS, on May 13, 2019, Plaintiff voluntarily dismissed BIG 15 from this Action without prejudice;

WHEREAS, ARS, the sole-remaining defendant, continues to deny each and all of Plaintiff's claims alleged in the Amended Complaint, disclaims any wrongdoing or liability to Plaintiff or the Class Members whatsoever, and denies that Plaintiff or any of the Class Members are entitled to recover any damages in this Action; and

WHEREAS, ARS desires to settle this Action solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims against Defendants that were, or could have been asserted by Plaintiff and the Class Members against Defendants in the Action; and

WHEREAS, while Class Counsel believes that the claims asserted in the Amended Complaint are meritorious, Class Counsel also recognizes that the outcome of litigation is uncertain and that pursuing this Action through trial would involve substantial cost, risk, and inevitable delay. Class Counsel has conducted an investigation into the relevant facts, law, and

circumstances, including, among other things, whether the facts support the FDCPA claims raised in the Amended Complaint, the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and any appeals, and the substantial benefits the Settlement Agreement confers upon the Class Members. Class Counsel concludes that it is in the best interests of the Class Members to settle their claims on the terms set forth herein, which are deemed to be fair, reasonable, and adequate; and

WHEREAS, the Parties have concluded that it is desirable for this Action to be settled to avoid further inconvenience, delay, and expense, to dispose of potentially burdensome and protracted litigation, and to put to rest all claims that were or might have been asserted by the Plaintiff or the Class Members arising out of or related to the subject matter of the Amended Complaint; and

WHEREAS, counsel for the Parties have engaged in extensive arm's-length settlement negotiations and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Parties; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Class Counsel and Defendants' Counsel that the claims of Plaintiff and the Class Members be and are hereby fully compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## Article 1:  Definitions

1.01    <u>Parties</u>.  The Parties to this Class Settlement Agreement and Release are Leonardo Meola, individually and on behalf of all other similarly situated natural persons (collectively, "Plaintiff" or "Class Members," as defined more fully below), and Defendant Asset Recovery Solutions, LLC ("ARS").

1.02    Accessible Contact Information.    "Accessible Contact Information" means the names and addresses of Class Members as contained in the records of Defendants and using standard address forwarding that may be supplied by the United States Post Office, if any.

1.03    Action.    "Action" means the above-captioned action currently pending in the United States District Court for the Eastern District of New York. Case No. 1:17-cv-1017.

1.04    Attorneys' Fees.    "Attorneys' Fees" means reasonable attorneys' fees, costs of litigation, and expenses, as awarded by the Court. Plaintiff's Counsel will accept the amount of fees and costs as approved and awarded by the Court in an amount not to exceed $13,000.00.  Class Counsel shall not petition the Court for fees in excess of  $13,000.00. "Attorneys' Fees" also include the fees and expenses incurred by Class Counsel to answer any questions from members of the class that contact Class Counsel. "Attorneys' Fees" do not include payments to the Class Representative, or settlement administration costs and expenses. Defendants shall not contest any petition for an award of reasonable attorney's fees.

1.05    Class Counsel.    "Class Counsel" means counsel for the Class Representative and the Class Members:  Edelman, Combs, Latturner & Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, IL  60603, and Shaked Law Group, P.C., 44 Court Street, Brooklyn, New York 11201.

1.06    Class Members.    "Class" or "Class Members" shall be defined in the following manner: all natural persons (a) with a New York address (b) who were sent a letter by Asset Recovery Solutions, LLC on behalf of Bureaus Investment Group Portfolio No. 15 in the form represented by Exhibit A to Plaintiff's Amended Complaint (c) which letter was sent at any time during a period beginning February 23, 2016 and ending March 6, 2017.

Defendants represents that the class consists of 42 persons.

1.07    Class Representative.    "Class Representative" shall mean Leonardo Meola.

1.08    Complaint.  "Complaint" means the Amended Complaint filed in this Action.

1.09    Confirmatory Discovery.  Prior to the filing of the motion for preliminary approval Defendants shall confirm the size of the class as defined in 1.06 above and provide a list of the same.

1.10    Court.  The "Court" means the United States District Court for the Eastern District of New York, by the judge now assigned to this Action, Judge Margo K. Brodie.

1.11    Defendants.  "Defendants" means Asset Recovery Solutions, LLC ("ARS") and Bureaus Investment Group, Portfolio No. 15, LLC ("BIG 15").

1.12    Defendants' Counsel.  "Defendants' Counsel" means:  Scott Kessler, Akerman, LLP. 666 Fifth Avenue, 20th Floor, New York, NY 10103.

1.13    Effective Date.  "Effective Date" means thirty-five (35) days after the Court's entry of a Final Order approving this Settlement Agreement as fair, reasonable, and adequate to the Class, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such Final Order, which disposition approves the Court's Final Approval Order, approving the Settlement Agreement. The parties waive their rights to appeal any Final Order entered in accordance with the terms of the Settlement Agreement.

1.14    Fairness Hearing.  "Fairness Hearing" means the hearing to determine whether the settlement of the Class Action should be given final approval, whether the proposed Plan of Allocation should be approved, and whether the Class Representative's Recovery and Class Counsel's attorneys' fees, costs, and expenses should be approved.

1.15    Final.  "Final" means the entry of the Final Judgment where the following has occurred: (a) if no appeal is filed, the expiration of the date for filing a notice of any appeal; (b) upon entry by the Court of the Final Judgment and the expiration of the applicable period for

perfecting an appeal from such Final Judgment without perfecting the appeal; and/or (c) if an appeal is taken, upon entry by a final Appellate Court of an Order affirming the Final Judgment and the expiration of any right of further appeal, or upon the voluntary dismissal of such appeal.

1.16    <u>Final Judgment</u>.  "Final Judgment" means the Final Approval Order, a form of which is attached hereto to Plaintiff's Motion for Preliminary Approval of the Class Action Settlement ("Motion") as Exhibit D.

1.17    <u>Notice and Settlement Notice</u>.  "Notice" and "Settlement Notice" means the Notice of Proposed Class Action Settlement in the form attached to the Motion as Exhibit B**.**

1.18    <u>Notice Date</u>.  "Notice Date" means the date that Notice is mailed to Class Members, which is 30 days after entry of the Preliminary Approval Order.

1.19    <u>Opt-Out Date</u>. "Opt-Out Date" means the deadline for receipt of Class Members' requests for exclusion from the Settlement. The Opt-Out Date will be forty-five (45) days after the Notice Date.

1.20    <u>Person</u>. "Person" (when used in the singular or in the plural form) means an individual.

1.21    <u>Preliminary Approval Order.</u>  "Preliminary Approval Order" means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice, a form of which is attached to the Motion as Exhibit C**,** and setting a date for the Settlement Hearing.

1.22    <u>Related Parties.</u>  "Related Parties" shall mean each of a party's past or present officers, directors, trustees, members, employers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related

or affiliated entities, (in their capacities as such), and all Related Parties' and parties' insurers and their reinsurers.

1.23    Released Claims.  "Released Claims," means the claims and liabilities released and discharged under paragraph 3.01.

1.24    Settlement.    "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits to the Motion referenced herein.

1.25    Settlement Administration Costs and Expenses.  "Settlement Administration Costs and Expenses" means the costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing the Notice, and mailing Settlement Checks to eligible Class Members. Class Counsel shall be responsible for all costs of class notice and administration.

1.26    Settlement Amount.  "Settlement Amount" means the aggregate of the amounts paid to the Settlement Administrator, the Class Representative, each Class Member, plus the compensation paid to Class Counsel.

1.27    Settlement Checks.  "Settlement Checks" are the checks used to pay Class Members.  Settlement Checks that are returned, undeliverable, or remain uncashed for 90 days from the date upon which they were mailed to Class Members shall be donated as a cy pres award to The Legal Aid Society, 199 Water Street, New York, New York 10038.

1.28    Settling Parties.  "Settling Parties," means Plaintiff, Leonardo Meola,(individually and on behalf of the Class Members), and Defendant ARS.

1.29    Void Date.  "Void Date" means the date on which all uncashed Settlement Checks expire.  The Void Date is ninety (90) days after the checks are issued.

**Article 2: Plan of Allocation**

2.01    <u>Relief to Class</u>.  Subject to approval of the Court, Defendant ARS shall issue a check to Class Counsel in the amount of Twenty-Two Thousand, Five Hundred Dollars and zero cents ($22,500.00) for the establishment of a "Class Settlement Fund." The Class Settlement Fund shall be divided on a pro rata basis among the Class Members whose (1) Notice is not returned as undeliverable; (2) Notice is returned with a forwarding address to which the Notice is re-mailed and not returned as undeliverable.  However, no Class Member shall receive a pro rata payment from the Class Settlement Fund in excess of $5,000.00.   The $22,500.00 payment of the Class Settlement Fund to the third-party administrator shall be due within 21 days after the Effective Date.

2.02    <u>Cost of Class Notice and Administration Costs</u>.  ARS shall advance the costs of class notice and administration in the amount of $500.00 within 10 days after entry of the preliminary approval order.  Class Counsel shall cause Notice and Settlement Checks to be sent to the Class Members by a third-party class administrator.

2.03    <u>Class Representative's Recovery</u>.  Subject to approval of the Court, ARS shall pay the Class Representative, Leonardo Meola, a total of Three Thousand Dollars ($3,000.00) for his actual and statutory damages and for his services as Class Representative. The payment of the Class Representative's recovery of Three Thousand Dollars ($3,000.00) shall be due within 21 days after the Effective Date.

2.04    <u>Attorneys' Fees, Notice Costs, and Related Matters</u>.  Subject to the approval of the Court, ARS will pay Class Counsel the total sum of Thirteen Thousand Dollars ($13,000.00) in attorneys' fees and costs.  Class Counsel will not request additional fees from Defendants or the Class Members and Defendants will not oppose or cause to be opposed an application for

attorney's fees in the amount stated.  Defendants' Counsel shall distribute to Class Counsel the check representing Class Counsel's attorneys' fees and costs to Edelman, Combs, Latturner & Goodwin, LLC in the amount of $13,000.00, within 21 days after the Effective Date.  Class Counsel shall file their fee petition within 30 days after the Notice Date.

2.05    Aggregate Settlement Amount.  ARS's aggregate settlement amount in connection with this Settlement Agreement is Thirty-Nine Thousand Dollars ($39,000.00).  This amount includes all payments under this Settlement Agreement to the Settlement Administrator, Plaintiff, Class Counsel's Attorney's Fees, and the Class Settlement Fund.

2.06    Class Notice and Settlement Checks.  Class Notice and Settlement Checks. Class counsel shall cause the third-party Settlement Administrator to send the Notice to the last known address of the class members as shown on Defendant ARS's records within thirty (30) days after entry of the Preliminary Approval Order. Class Notice will be sent by any form of bulk mail that provides address-forwarding mail to each address. It will re-mail any notice that is returned with a forwarding address within five (5) business days.

2.07    Class Members' Right of Exclusion.  Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within forty-five (45) days after the initial class notice mailing date.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

**Article 3:  Released Claims**

3.01    (a) The Class Representative and Each Class Member not opting out as of the Effective Date hereby release and forever discharges Defendants ARS and BIG 15 and their Related Parties (collectively the "Released Parties") from all causes of action, suits, claims,

damages, agreements, liabilities, obligations, and demands of any kind whatsoever, known or unknown, direct or consequential, in law or in equity, which the Releasing Parties now have or ever had against the Released Parties up through the Effective Date of the Agreement, for any violations of the FDCPA, state fair debt collection laws, or any other claims or legal theories, whether or not alleged, relating to or arising out of the claims alleged in the Action. Notwithstanding, the Released Parties understand and agree that this Settlement Agreement does not affect the validity of any debt owed by either the Plaintiff or any of the other Class Members to Defendant ARS or its clients, and the provisions of this paragraph "3.01" shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants or their clients, nor impair or limit any right or cause of action by the Plaintiff or the other Class Members to dispute the underlying debt or amount owed to Defendants or their clients, except for disputes arising out of, or related to the subject matter of this Action.

(b)  Each Class member who did not opt out releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorneys' fees and costs arising out of or related to ARS' collection letters in the form attached as *Exhibit A* to Plaintiff's Amended Complaint in the Action.

(c) Plaintiff and each Class member do NOT release any defense they may have with respect to the underlying debts ARS sought to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus

(d)  Defendants ARS and BIG 15 do NOT release their claims, if any, against Plaintiff or any Class Member for payment of their alleged debts. The underlying debts ARS sought to collect

are unaffected by this Agreement. This Agreement does not prevent ARS from continuing to attempt to collect any debts allegedly owed by Class members

3.02     If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

3.03     The Settling Parties understand and agree that the provisions of paragraph 3.01 shall be construed to exclude, and shall not impair any right or cause of action arising from a breach of this Settlement Agreement, including but not limited to, any future claims that may arise with regard to the implementation of the Settlement Agreement.

## Article 4:  Preliminary Approval and Fairness Hearing

4.01     <u>Preliminary Approval Motion</u>.   In accordance with the procedures and time schedules below, the Parties shall take such actions, and prepare and file, subject to the prior approval by all other Settling Parties, all appropriate notices, motions, and proposed order forms reasonably necessary to obtain both preliminary and final approval of this Settlement Agreement from the Court.  All Settling Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

(a)     Class Counsel shall move for preliminary approval of this Agreement, including a request that the Court approve the mailing of the Notice within thirty (30) days of the entry of an order granting preliminary approval of this Agreement.  All Settling Parties shall support any order approving this Agreement through any appeal, if necessary. Without prior approval of any other Settling Party, Class Counsel may file memoranda in support of the preliminary (and final) approval of this Settlement Agreement; and

(b)     The Preliminary Approval Order shall require, and the Notice shall set out, that any objections to this Settlement Agreement may be made in writing, filed with the Court, and must be served upon Class Counsel as more fully described in paragraph 4.04, below; and

(c)     The Settling Parties shall jointly request a Fairness Hearing date, which is no more than one hundred twenty (120) days after the date of entry of the Preliminary Approval Order.

4.02     <u>Form of Preliminary Approval Order</u>.  The Preliminary Approval Order entered by the Court shall be substantially in the same form as <u>Exhibit C</u> to the Motion.

4.03     <u>Content of Preliminary Approval Order</u>. As a condition subsequent of this Settlement Agreement, the Preliminary Approval Order shall at a minimum contain the following provisions:

(a) Preliminary approval of the Settlement Agreement set forth herein and, subject to any objections that may be presented to the Court prior to the Settlement Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

(b) A finding that the Class satisfies all of the requirements of Fed.R.Civ.P. 23, and thus is certified in accordance with Rule 23;

(c) Approval of the form of a Notice of Class Action Settlement that includes the general terms of the settlement, as set forth in the Settlement Agreement, and the procedures for objections and opt-outs described below,

(d) and directing Defendant ARS to (1) advance the costs of class notice and administration in the amount of $500.00 to Class Counsel within ten (10) days after entry of an Order preliminarily approving this Settlement; and (2) provide Class Counsel with a

list of all class members names and address within ten (10) days after entry of an Order preliminarily approving this Settlement,

(e)  directing Class Counsel (after receipt of the items outlined in section (d) above) to cause to be mailed by first class mail the Notice to all Class Members at their respective Accessible Contact Information within thirty (30) days from the date of said order; and

(f)  A finding that the mailing of the Notice by regular first-class mail to all Class Members whose address has been identified constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law and that no further notice to the Class is required.

4.04    Objections to Settlement.  Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Settlement Hearing.  Class Counsel and Defendant ARS's Counsel may, but need not, respond to the objections, if any, by means.

4.05    Fairness Hearing.  Unless the Court orders otherwise, Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing.

4.06    Exclusion from Class.  Any Class Member may seek to be excluded from the Settlement by submitting a Request for Exclusion or Opt Out within forty-five (45) days after the Notice Date.  Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to Class Counsel and Defendant ARS's Counsel and received no later than the Opt-Out Date.  To be

effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN MEOLA V. ASSET RECOVERY SOLUTIONS, LLC". The request for exclusion must also contain the excluded Class Member's name, address, and authorized signature.

### Article 5: Final Judgment

5.01    <u>Form of Final Judgment</u>.  The Final Judgment entered upon the Fairness Hearing by the Court shall be substantially in the same form as <u>Exhibit D</u> to the Motion for Preliminary Approval.

5.02    <u>Content of Final Judgment</u>.  As a condition subsequent of this Settlement the Final Judgment shall, at a minimum, include the following provisions:

(a)    A finding that the distribution of the Notice fully and accurately informs all Class Members and Related Parties entitled to notice of the material elements of the Settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice, and complies fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

(b)    A finding that after proper notice to the Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or a finding that all timely objections have been considered and denied; and

(c)    Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, in all respects under Rule 23 of the Federal Rules of Civil Procedure, finding that the settlement is in good faith, and ordering the Parties to perform the settlement in accordance with the terms of this Settlement Agreement; and

(d)    A finding that neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties, or any of them, of any liability or wrongdoing whatsoever; and

(e)    Subject to reservation of jurisdiction for matters discussed in subparagraph (h), below, dismissing with prejudice the Complaint; and

(f)    In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finding that there is no just reason for delay, and ordering the entry of a Final Judgment; and

(g)    A finding that all Class Members not opting out and their Related Parties shall, as of the entry of the Final Judgment, conclusively be deemed to have released and forever discharged Defendant ARS, Potential Defendants and their respective Related Parties from all Released Claims, and forever enjoining and barring all Class Members and their Related Parties from asserting, instituting or prosecuting in any capacity, before any court any action or proceedings against Defendant ARS and their respective Related Parties that assert any Released Claims;

(h)    A reservation of exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Class and resolving any disputes that may arise with regard to any of the foregoing; and

(i)    A dismissal with prejudice of Defendants ARS and BIG 15.

### Article 6:  Conditions of Settlement, Effect of Disapproval, Rescission, or Termination

6.01    This Settlement Agreement, including the releases herein, shall be null and void,

and the provisions of paragraph 6.02, below shall apply, if any of the following conditions fails to occur or be satisfied prior to the date that the Final Judgment becomes Final:

(a)      All non-settlement related activities regarding the Amended Complaint shall be, and shall remain, stayed by the Court pending Final Judgment approving this Settlement Agreement; and

(b)      All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior to the date that the Final Judgment becomes Final; and

(c)      A Preliminary Approval Order, in a form as described herein, shall be entered by the Court; and

(d)      At or prior to the Fairness Hearing, if no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and denied by the Court; and

(e)      A Final Judgment, in a form as described herein shall be entered by the Court and Defendants ARS and BIG 15 shall be dismissed with prejudice; and

(f)      Subject to the reservation of jurisdiction for matters described in paragraph 5.02(h), the Action must be dismissed with prejudice.

6.02     If this Settlement Agreement is finally rejected upon the Fairness Hearing, or if a Final Judgment is not entered, or does not become Final, or if the Settlement Agreement is rejected by the mandate of an appellate court, then the terms of this Agreement shall be null and void in which case:

(a)      The terms of this Agreement shall have no further force and effect with respect to the Settling Parties; and

(b)    This Agreement shall not be used in this litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement or required by such party's position as a fiduciary to secure judicial approval of this Agreement; and

(c)    The Settling Parties shall be restored to their respective positions in the litigation as of the date the Settlement Agreement was reached; and

(d)    Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

### Article 7:  Miscellaneous Provisions

7.01    <u>Agreement to Cooperate</u>.  The Parties: (i) acknowledge that it is their intent to execute the Agreement; and (ii) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

7.02    <u>Good Faith Settlement and Advice of Counsel</u>.  The Parties agree that the terms of the Settlement reflect a good-faith settlement of the Class Representative's and the Class Members' claims in the Action, reached voluntarily after consultation with experienced legal counsel.

7.03    <u>Exhibits</u>.  All of the Exhibits to the Agreement and Motion for Preliminary Approval are material and integral parts of the Settlement and are fully incorporated herein by this reference.

7.04    <u>No Oral Modifications or Waivers</u>.  No waiver, modification, or amendment of any provision of this Agreement shall be effective unless executed in writing by the Party to be bound by such waiver, modification, or amendment.

7.05    <u>Destruction of Documents. Destruction of Documents.</u> The parties shall retain all documents and records generated during the administration of the settlement including notice given to Class Members, records of undelivered mail, objections, requests for exclusion, claim forms and payment to Class Members for a period of one year following entry of the Final Approval Order.  After one year, the parties are free to destroy documents generated in connection with this Settlement Agreement.

7.06    <u>Headings</u>.  The headings of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

7.07    <u>Entire Agreement</u>.  Except as provided herein, the Agreement and the Exhibits attached to the Motion for Preliminary Approval constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning the Agreement or accompanying Exhibits other than the representations, warranties and inducements contained and memorialized in the Agreement and the accompanying Exhibits.

7.08    <u>Authority to Execute</u>.  Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any Party hereto hereby warrants that he or she has the full authority to do so.

7.09    <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, each of which shall be deemed to be one and the same instrument.  Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

7.10    <u>Binding Effect</u>.  The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.  All Settling Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

7.11    <u>Exclusive Jurisdiction and Venue for Enforcement</u>.  Any dispute relating to this Agreement or Final Judgment shall be resolved exclusively in the United States District Court for the Eastern District of New York, which Court shall retain exclusive jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Judgment.  The Parties agree to submit to the exclusive jurisdiction and venue for the purposes described above.

7.12    <u>Choice of Law</u>.  This Agreement and any document executed in furtherance of the Settlement shall be governed by, subject to, and construed in accordance with the laws of the State of New York, without regard to conflicts-of-laws principles.

7.13    <u>Costs and Expenses</u>.  Except as otherwise provided herein, each Party shall bear their own costs and expenses.

7.14    <u>Interpretation</u>.  All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Parties.

7.15    <u>Taxes</u>.  ARS makes no representation or warranty regarding any tax issues relating to the payments provided for in this Agreement, and the Plaintiff acknowledges that he has not relied upon any advice from ARS or its attorneys, agents, employees or representatives, concerning the taxability of the amounts to be paid or credited under this Agreement or otherwise.  In the event that taxes are assessed against Plaintiff as a result of the payment made to him hereunder, Plaintiff shall be solely responsible for the payment of such taxes, interest or penalties, and Plaintiff shall indemnify and hold ARS harmless with respect to same and any attorneys' fees and other expenses associated or related thereto.

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed, by their duly authorized attorneys.

Dated: New York, New York
        May __, 2019


Individually and as Class Representative


_____
Leonardo Meola

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
*Attorneys for Plaintiff / Class Counsel*

By:_____
        Tiffany Hardy

20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200


SHAKED LAW GROUP, PC
*Attorney for Plaintiff / Class Counsel*

By:_____
        Dan Shaked

44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128


ASSET RECOVERY SOLUTIONS, LLC

By: _____
        Steven Fishbein
        Asset Recovery Solutions, LLC

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

The case is *Leonardo Meola v. Asset Recovery Solutions, LLC et al.*
Case No. 1:17-cv-01017-MKB-RER

**NOTICE OF CLASS ACTION SETTLEMENT**

A federal court authorized this notice. This is not a solicitation from a lawyer.
THIS IS <u>NOT</u> A BILL OR NOTICE OF LAWSUIT AGAINST YOU.

**If you received a collection letter from Asset Recovery Solutions LLC
you may benefit from this class action settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SHARE OF THE SETTLEMENT FUND** | By doing nothing you will remain in the Settlement Class and you will be entitled to receive a cash payment from the Settlement Fund.  You will also be bound by the terms of the settlement. |
| **EXCLUDE YOURSELF BY _____, 2019.** | You will receive no benefits, but you will not be giving up your legal claims against the Defendants. |
| **OBJECT BY _____, 2019.** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement after first sending a written objection to the Court. |

**These rights and options and the deadlines to exercise them are explained below.**

**1.  Why did I get this notice?**

Plaintiff, Leonardo Meola ("Plaintiff"), filed a class action lawsuit and alleged that Defendants, Asset Recovery Solutions, LLC ("ARS") and Bureaus Investment Group, Portfolio No. 15, LLC ("BIG 15") (together, the "Defendants"), sent you a collection letter that violated the Fair Debt Collection Practices Act ("FDCPA" or "the Law").  You received this notice because you have been identified by ARS as a person to whom it mailed a collection letter between February 23, 2016 and March 6, 2017.

**2.  What is this lawsuit about?**

In this lawsuit, Plaintiff asserted that ARS violated the FDCPA by sending a collection letter that did not accurately state the amount of the debt as required by the Law. Defendants deny Plaintiff's allegations, but

agreed to settle to avoid the expense, burden, and uncertainty of further litigation. The Court has not made a finding of liability against Defendants.

### 3. Why is this a class action?

In a class action, one or more persons called Class Representatives (in this case, Plaintiff Leonardo Meola), sue on behalf of a group (or a "Class") of people who have similar claims. Here, those claim involve similar collection letters sent by ARS.

### 4. Why is there a settlement?

In order to avoid the cost, risk and delay of litigation, the parties agreed to settle.

### 5. How do I know if I am a part of the settlement?

The Class consists of: all natural persons (a) with a New York address (b) who were sent a letter by Asset Recovery Solutions, LLC on behalf of Bureaus Investment Group Portfolio No. 15 in the form represented by Exhibit A to Plaintiff's Amended Complaint (c) which letter was sent at any time during a period beginning February 23, 2016 and ending March 6, 2017. According to ARS's records, there are 42 people in the Class. According to ARS's records, you are a Class Member.

YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you do nothing, you will remain in the Class and you will be entitled to a *pro rata* share of the Settlement Fund, which is $22,500.00. If all 42 Class members receive this notice and do not seek exclusion from the settlement, you will receive a check for approximately $535.71. No Class member shall receive a payment in excess of $5,000.00.

### 7. When will I receive these benefits?

If you remain in the class and do not opt-out, you will receive these benefits approximately 60 days after the Settlement has been given final approval by the Court through issuance of a Final Approval Order.

### 8. I want to be a part of the settlement and receive these benefits. What do I do?

You don't need to do anything in order to receive a cash payment from the Settlement Fund. Unless you opt-out, you will automatically receive your share of the settlement fund.

### 9. What am I giving up to receive these benefits?

By staying in the Class, all of the Court's orders will apply to you, and you give Defendants a "release." Anyone who does not specifically exclude themselves from the Class will give Defendants a release. A release means you can't sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit.

### 10. How much will the Class Representative receive?

Defendants have agreed to pay $3,000.00 to Plaintiff for his statutory and actual damages and for his service as the Class Representative. The Class Representative's award will not reduce the recovery to any Class Member. This award is subject to the Court's Approval.

EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against Defendants, then you

must take steps to get out. This is called opting-out or excluding yourself.

### 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must submit a Request for Exclusion from *Leonardo Meola v. Asset Recovery Solutions, LLC et al,* 17-cv-01017-MKB-RER. For your Request for Exclusion to be effective, you must submit a letter stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN MEOLA V. ASSET RECOVERY SOLUTIONS, LLC et al.," Also, be sure to include your name, address, and your authorized signature.

You must mail your Request for Exclusion so that it is postmarked **no later than _____, 2019 (45 days after the Notice date)** and sent to the following addresses:

EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC (#33633)
Attn: Tiffany N. Hardy
20 South Clark Street, Suite 1500
Chicago, IL  60603

**and**

AKERMAN, LLP
Attn:  Scott Kessler
666 Fifth Avenue, 20th Floor
New York, New York 10103

Be sure to include the name and number of the case: *Leonardo Meola v. Asset Recovery Solutions, LLC et al,* 17-cv-01017-MKB-RER.

### 12. If I exclude myself, do I still receive benefits from this settlement?

No, if you timely and validly request exclusion from this settlement, you will not receive a cash payment or be bound by the judgment entered in this action. Nor will you will not be precluded from otherwise prosecuting your own individual claim, if timely, against Defendants based on the collection letter at issue in this case.

#### THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has named the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Shaked Law Group, P.C., as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by _____, 2019[45 Days after Notice mailing date]**.**

### 14. How will the lawyers be paid?

Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC and Shaked Law Group, P.C., will ask the Court for attorney's fees and expenses of no more than $13,000.00 to be paid by Defendants. This will not reduce the recovery to any Class Member.

#### VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair.  The claims asserted on behalf of the Class against Defendants are under the Fair Debt Collection Practices Act. ("FDCPA"). The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $1,000.  In a class action,

the maximum possible recovery is (i) any actual damages suffered by the Class members, if proven, and (ii) the lesser of 1% of the debt collector's net worth or $500,000. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party.  In either an individual or a class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

Given the amount each class member may be entitled to receive in light of the violations alleged (at least $535.71), Class Counsel believes this is a fair settlement.

### 16.  What is the Defendants' view of this settlement?

While Defendants deny any wrongdoing, violation of the Law, or liability in this case, they have concluded that it is in their best interests to settle this case on the terms generally set forth herein to avoid expense, inconvenience, and interference with ongoing business operations.

**OBJECTING TO THE SETTLEMENT**

### 17.  How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to all or part of the settlement.  In order to comment on the settlement or any part of the settlement, you may, send a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include: the name and number of the case: *Leonardo Meola v. Asset Recovery Solutions, LLC et al,* 17-cv-01017-MKB-RER*,* and your name, address, and your signature. If you submit a written objection, you may appear at the Fairness Hearing.

You must mail your written objection so that it is postmarked no later than _____, **2019** [45 Days After the Notice Date] to:

United States District Court for the Eastern District of New York
ATTN:  Clerk of Court
225 Cadman Plaza East
Brooklyn, NY 11201

You must also send a copy of your objection to the following, and be sure to include the name and number of the case on your written objection.

EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC (#33633)
Attn: Tiffany N. Hardy
20 South Clark Street, Suite 1500
Chicago, IL  60603
**and**

AKERMAN, LLP
Attn:  Scott Kessler
666 Fifth Avenue, 20th Floor
New York, NY 10103

**THE FAIRNESS HEARING**

### 18.  Where and when is the fairness hearing?

The Court will hold a fairness hearing on _____, **2019 at XXX a.m./p.m.** in the courtroom of the Honorable Judge Margo K. Brodie, in the Federal Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 6F, Brooklyn, NY 11201.  The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate, and in the best interests of the Class and to determine the appropriate amount of compensation for the Class Counsel.  At that hearing, the Court will be available to hear

any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

**GETTING MORE INFORMATION**

### 19. How do I get more information?

You can call the attorneys representing the Class: Edelman, Combs, Latturner & Goodwin, LLC, at (312) 739-4200, if you have any questions. Before doing so, please read this full notice carefully. You can also send an email to info@edcombs.com or obtain information through its website at www.edcombs.com.

### 20. What if I have a new address?

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to the following address providing the case name and number, your full name, and the address at which you prefer to receive further notices about this case:

[Class-Settlement]

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE**.

64700.1

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LEONARDO MEOLA, on behalf
of herself and all others similarly situated,

                                        Plaintiff,

            vs.                                         CLASS ACTION

ASSET RECOVERY SOLUTIONS, LLC and                       1:17-01017-MKB-RER
BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

                                        Defendants.

## PRELIMINARY APPROVAL ORDER

This matter comes before the Court on Plaintiff's Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). Plaintiff, Leonardo Meola, individually and as a representative of the class of persons defined below ("Class") seeks preliminary approval of the Settlement Agreement dated May 13, 2019 (the "Agreement"). The Court has reviewed the Agreement, and the exhibits attached to the Motion, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court finds that the proposed settlement terms are within the range of fairness and reasonableness and grants preliminary approval of the Agreement.

2.      Based on the Parties' stipulations and for settlement purposes only, with respect to certifying the Class, the Court finds:

        (a)     The Class as defined is sufficiently numerous such that joinder is impracticable;

        (b)     There are questions of law and fact common to the Class;

        (c)     The claims of Plaintiff, Leonardo Meola, are typical of the Class members' claims;

1

(d)     Plaintiff Leonardo Meola is an appropriate and adequate representative for the Class and his attorneys, Edelman, Combs, Latturner and Goodwin, LLC, and Shaked Law Group, P.C. are adequate class counsel that have, and will to continue to, fairly and adequately represent the interest of the Settlement Class;

(e)     Common questions of law and fact predominate over any questions affecting only individual Class members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by sending a collection letter to Plaintiff and the Class members that did not accurately state the amount of the debt as required by 15 U.S.C. §1692g;

(f)     A class action is the superior method for the fair and efficient adjudication of the claims of the Class members; and

(g)     In accordance with Fed. R. Civ. P. 23(e)(1), the Parties have provided the Court with information sufficient to enable the Court to determine that notice of the settlement should be provided to the Class, and the Parties having shown that the Court will likely be able to approve the settlement under Rule 23(3)(2) and certify the class for purposes of judgment on the Agreement.

3.      Therefore, for the purpose of giving notice to the Class and allowing the Court to conduct a fairness hearing pursuant to Fed. R. Civ. P. 23(e)(2), but subject to such hearing and conditioned on the Court approving the Agreement after finding it is fair, reasonable, and adequate, the Court hereby provisionally certifies the following Class:

All natural persons (a) with a New York address (b) who were sent a letter by Asset Recovery Solutions, LLC on behalf of Bureaus Investment Group Portfolio No. 15 in the form represented by Exhibit A to the Amended Complaint (c) which letter was sent at any time during a period beginning February 23, 2016 and ending March 6, 2017.

Defendant represents that the Class consists of 42 persons.

4.      The Court appoints:

(a)     Plaintiff as the Class Representative;

(b)     Edelman, Combs, Latturner and Goodwin, LLC, and Shaked Law Group, P.C. as "Class Counsel"; and

64703.1

(c)    Class-Settlement as the Settlement Administrator to send notice of the settlement to Class members and administer the settlement.

5.    Within seven (7) days after the date of this Preliminary Approval Order, Defendant Asset Recovery Solutions, LLC ("ARS")  shall provide Class Counsel and the Class Administrator with the names and last known mailing addresses of the Class members, according to ARS's business records.

6.    ARS shall advance the costs of class notice and administration in the amount of $500.00 within 10 days after entry of the preliminary approval order..

7.    The Court approves the proposed form of Notice to the Class members attached to the Motion as Exhibit B and directs the Settlement Administrator to mail it to the last known addresses of the Class members within thirty (30) days after the date of this Preliminary Approval Order (the "Notice Date").

8.    The Settlement Administrator shall mail the Notice using any method that provides address-forwarding.  The Settlement Administrator shall re-mail any Notice that is returned with a forwarding address within five (5) business days.

9.    The Court finds that mailing of the class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

10.    Class members shall have forty-five (45) days from Notice Date -- **_____, 2019** ("Class Response Deadline") – to exclude themselves from or object to, the settlement, as set forth in the Notice.

(a)    Class members desiring to opt-out or exclude themselves from the settlement must mail a written request to Class Counsel and Defendant's counsel at the addresses below. To be valid, the request must be postmarked by the Class Response Deadline, be in writing, and be signed by the Class member (or their authorized representative) who seeks exclusion. The request must contain: (1) the Class member's name and address; (2) the case name and number: *Leonardo Meola v. Asset Recovery Solutions, LLC et al,* 17-cv-01017-MKB-RER; and (3) words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN MEOLA V. ASSET RECOVERY SOLUTIONS, LLC et al.."

EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC
Attn: Tiffany N. Hardy (33633)
20 South Clark Street, Suite 1500
Chicago, IL  60603

**and**

AKERMAN, LLP
Attn:  Scott Kessler
666 Fifth Avenue, 20th Floor
New York, New York 10103

(b)    Any Class member who wishes to object to all or part of the settlement shall have a right to appear and be heard at the final fairness hearing. To object, a Class member must mail to the Clerk of Court, Class Counsel, and Defendant ARS's counsel, at the addresses provided below, a written objection filed and postmarked no later than the _____(45 days after the Notice Date ).

United States District Court for the Eastern District of New York
ATTN:  Clerk of Court
225 Cadman Plaza East
Brooklyn, NY 11201

**and**

EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC

4

Attn: Tiffany N. Hardy (33633)
20 South Clark Street, Suite 1500
Chicago, IL  60603

**and**

AKERMAN, LLP
Attn:  Scott Kessler
666 Fifth Avenue, 20th Floor
New York, New York 10103

11.     Class Counsel shall file its fee petition by _____**, 2019** (within 30 days after the Notice Date).

12.     A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Settlement Class will be held before this Court on  _____, _____**, 2019 at__:__pm** *(within 120 days of the date of the Preliminary Approval Order)***.**

13.     If not already filed, ARS shall, within seven (7) days of the date of this Preliminary Approval Order, file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

14.     All discovery and other proceedings in this action are stayed until further order of the Court, except for activities and filings for the purpose of implementing the settlement or complying with the terms of the Agreement.

15.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

SO ORDERED this ___ day of _____, 2019.


_____
Hon. Margo K. Brodie
United States District Judge

5

64703.1

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONARDO MEOLA, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>            vs.<br><br>ASSET RECOVERY SOLUTIONS, LLC and BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC,<br><br>                              Defendants. | CLASS ACTION<br><br>1:17-01017-MKB-RER<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement and Release (the "Agreement") between Plaintiff Leonardo Meola, individually and as representative of the class defined below ("Class"), and Defendant, Asset Recovery Solutions, LLC ("ARS" or "Defendant"), the Court makes the following findings and orders.[1]

1.      This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Class members and Defendant.

2.      The following Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All natural persons (a) with a New York address (b) who were sent a letter by Asset Recovery Solutions, LLC on behalf of Bureaus Investment Group Portfolio No. 15 in the form represented by Exhibit A to the Amended Complaint (c) which letter was sent at any time during a period beginning February 23, 2016 and ending March 6, 2017.

3.      Based on the materials filed in support of the Motion and representations during the fairness hearing, the Court finds: (A) the Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions

---

[1]      Unless otherwise noted, capitalized terms have the meaning provided in the Agreement.

1

affecting only individual Class members, and included whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. by sending Plaintiff and the Class members a collection letter that did not accurately state the amount of the debt as required by 15 U.S.C. §1692g; (C) the claim of Plaintiff is typical of the Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Edelman Combs Latturner & Goodwin, LLC and Shaked Law Group, P.C., are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class.

4.    The Court approved a form of notice for mailing to the Class.  The Court is informed that Notice of the settlement was successfully mailed to XXX of the XXX total class members. XXX persons in the  Class requested exclusion, and XXX objections were filed or received.

5.    Each  Class member whose notice was successfully mailed and did not request to be excluded will receive a check for $XXX.XX from the $22,500.00 Class Settlement Fund.

6.    On  _____, 2019, the Court held a fairness hearing to which Class members, including any with objections, were invited.  XX Class members appeared in Court.

7.    The Court finds that the Agreement's provisions for notice to the Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

8.    The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement and its terms for payment and Releases. Specifically, the Court finds: (A) Plaintiff, as the Class Representative, and Class Counsel have adequately represented the class; (B) the Agreement was negotiated at arm's length and in good faith; (C) the relief

provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method for distributing relief to the Class, and (iii) the terms of the proposed award of attorneys' fees to Class Counsel.  The Agreement equitably treats class members relative to each other.

9.      The Court certifies the Class and finds that the requirements of Federal Rule 23 are met, including that (i) the  Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class members; (3) the individual claims of Plaintiff are typical of the claims of the Class members; (4) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class members; (5) the questions of law and fact common to the Class members predominate over any individual issues; and (6) a class action is superior to other methods of adjudicating the claims of the Class.

10.      Upon the Effective Date, as that term is defined in the Agreement, Defendant shall from the total "Aggregate Settlement Amount" of Thirty-Nine Thousand Dollars ($39,000.00):

(a)      Within seven (7) days of the Effective Date, provide to the Class Administrator $22,500.00 to create a "Class Settlement Fund."  Within twenty-one (21) dates after the Effective Date, the Class Administrator shall disburse the monies, on a *pro rata* basis, to each Class member whose (1) Notice was not returned as undeliverable; or (2) Notice was returned with a forwarding address to which the Notice is re-mailed and not returned as undeliverable, and (3) who did not exclude him/herself from the Settlement. Class members will receive from the Class Administrator their *pro rata* share by check which will be void sixty (60) days from the date of issuance. No Class member's *pro rata* share shall exceed $5,000.00. If any portion of the Class Settlement Fund remains after the void date, the residual funds shall be donated as a cy pres award to The Legal Aid Society, 199 Water Street, New York, New York 10038.

(b)      Pay all Settlement Administration Costs and Expenses incurred by the Settlement Administrator, including all costs associated with providing notice to the Class Members and administering the Class Settlement Fund.

(c)      Pay the remaining balance of the Aggregate Settlement amount to Class Counsel, who will distribute that balance as follows within 21 days after the Effective Date:

(1)    $3,000 to Plaintiff Leonardo Meola;

(2)    $ XXXXX.XX to Class Counsel for Attorneys' Fees, as approved by the Court; and

(3)    [*If applicable, any remaining balance to The Legal Aid Society, 199 Water Street, New York, New York 10038.*]

11.    The Court having carefully reviewed Class Counsel's petition for Attorneys' Fees, hereby finds that the award of attorneys' fees and costs sought by Class Counsel is fair and reasonable to the Class and the Court approves an award of Attorneys' Fees to Class Counsel in the amount of $ XXXXX.XX, as described above.  Defendant ARS shall pay Class Counsel $XXXXXXX in attorneys fees and costs within 21 days after the Effective Date.

12.    The Parties grant the following releases

(a)    The Class Representative and Each Class Member not opting out as of the Effective Date hereby release and forever discharges Defendants ARS and Bureaus Investment Group Portfolio No. 15, LLC ("BIG 15") and their Related Parties (collectively the "Released Parties") from all causes of action, suits, claims, damages, agreements, liabilities, obligations, and demands of any kind whatsoever, known or unknown, direct or consequential, in law or in equity, which the Releasing Parties now have or ever had against the Released Parties up through the Effective Date of the Agreement, for any violations of the FDCPA, state fair debt collection laws, or any other claims or legal theories, whether or not alleged, relating to or arising out of the claims alleged in the Action. Notwithstanding, the Released Parties understand and agree that this Settlement Agreement does not affect the validity of any debt owed by either the Plaintiff or any of the other Class Members to Defendants or their clients, and this release shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants or their clients, nor impair or limit any right or cause of action by the Plaintiff or the other Class Members to dispute the underlying debt or amount owed to Defendants or their clients, except for disputes arising out of, or related to the subject matter of this Action.

(b)    Each Class member who did not opt out releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorneys' fees and costs arising out of or related to ARS' collection letters in the form attached as *Exhibit A* to Plaintiff's Amended Complaint in the Action.

(c)     Plaintiff and each Class member do NOT release any defense they may have with respect to the underlying debts ARS sought to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     Defendants ARS and BIG 15 do NOT release their claims, if any, against Plaintiff or any Class Member for payment of their alleged debts. The underlying debts ARS sought to collect are unaffected by this Agreement. This Agreement does not prevent ARS from continuing to attempt to collect any debts allegedly owed by Class members.

13.     The terms of the Agreement are incorporated into this Order.  This Order shall operate as a final judgment and dismissal with prejudice of all claims in this action against ARS and BIG 15.

14.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

15.     The Court retains exclusive jurisdiction over the Parties and the Class members to enforce the terms and provisions of the Agreement and this Order.

16.     The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
Honorable Margo K. Brodie
United States District Court


Dated:

64705.1